IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 ? 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00932-BNB

RONALD JENNINGS FOGLE,

      Applicant,

v.

RICHARD SMELSER, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

      Respondents.

_____

ORDER OF DISMISSAL

_____

Applicant, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado

Department of Corrections at the Crowley County Correctional Facility in Olney Springs,

Colorado. Mr. Fogle has filed *pro se* an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in six different

cases in the Denver District Court. The relevant Denver District Court case numbers

are 99CR135, 99CR136, 99CR137, 99CR138, 99CR139, and 99CR3143.

On May 4, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file

a Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses

in this action. On May 20, 2010, Respondents filed their Pre-Answer Response to

Application for Writ of Habeas Corpus. On May 26, 2010, Mr. Fogle filed a reply to the

Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Fogle liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

On May 18, 2000, Mr. Fogle was convicted by a jury of second degree kidnaping and robbery in 99CR135, aggravated robbery in 99CR136, and attempted aggravated robbery in 99CR138. On May 22, 2000, Mr. Fogle entered guilty pleas to robbery in 99CR137, another count of robbery in 99CR139, and attempted escape in 99CR3143. All six cases were consolidated for sentencing. On August 4, 2000, Mr. Fogle was adjudicated to be an habitual offender and was sentenced to a total of sixty-six years in prison.

Mr. Fogle filed a direct appeal from the judgments of conviction in 99CR135, 99CR136, and 99CR138, as well as his adjudication as an habitual offender. The Colorado Court of Appeals affirmed the judgments of conviction on direct appeal in those three cases. *See People Fogle*, No. 00CA1730 (Colo. Ct. App. May 2, 2002) (Pre-Answer Resp. at Ex. B). On October 28, 2002, the Colorado Supreme Court denied Mr. Fogle's petition for writ of certiorari on direct appeal. (*See* Pre-Answer Resp. at Ex. C.) On May 5, 2003, the United States Supreme Court denied Mr. Fogle's petition for writ of certiorari on direct appeal. *See Fogle v. Colorado*, 538 U.S. 1019 (2003). Mr. Fogle did not file a direct appeal with respect to the judgments of conviction that resulted from his guilty pleas in 99CR137, 99CR139, and 99CR3143.

On August 21, 2003, Mr. Fogle filed a postconviction motion for sentence reduction pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure in 99CR135, 99CR136, and 99CR138. On September 30, 2003, the trial court denied the Rule 35(b) motion.

On May 3, 2004, Mr. Fogle filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in 99CR135, 99CR136, and 99CR138. On May 12, 2005, the trial court denied the Rule 35(c) motion and the trial court's order was affirmed on appeal. *See People Fogle*, No. 05CA1319 (Colo. Ct. App. Mar. 1, 2007) (Pre-Answer Resp. at Ex. F). On July 16, 2007, the Colorado Supreme Court denied Mr. Fogle's petition for writ of certiorari in the postconviction Rule 35(c) proceedings (*see* Pre-Answer Resp. at Ex. G) and the mandate issued on July 19, 2007 (*see* Pre-Answer Resp. at Ex. H).

On May 22, 2008, Mr. Fogle filed another postconviction motion pursuant to Rules 35(a) and (c) of the Colorado Rules of Criminal Procedure. The May 22, 2008 postconviction motion was filed in all six Denver District Court cases. The trial court denied the Rule 35(a) and (c) motion on June 30, 2008. (*See* Pre-Answer Response at Ex. I.) However, the trial court did agree with Mr. Fogle's argument that the mandatory parole on his mittimus constituted an illegal sentence. Because the sentence was illegal, the trial court vacated the mandatory parole and ordered the clerk to amend the mittimus to reflect discretionary parole.

Mr. Fogle appealed the trial court's June 30, 2008 order to the Colorado Court of Appeals and, at the same time, he appealed the trial court's September 30, 2003 order

denying his postconviction Rule 35(b) motion. The Colorado Court of Appeals

dismissed the appeal as untimely to the extent Mr. Fogle was appealing the denial of

his Rule 35(b) motion and affirmed the trial court's June 30, 2008 order denying his

Rule 35(a) and (c) motion. *See People v. Fogle*, No. 08CA1457 (Colo. Ct. App. Nov.

25, 2009) (Pre-Answer Resp. at Ex. K). On April 5, 2010, the Colorado Supreme Court

denied Mr. Fogle's petition for writ of certiorari (*see* Pre-Answer Resp. at Ex. L) and on

May 3, 2010, the mandate issued (*see* Pre-Answer Resp. at Ex. M).

One other prior proceeding is relevant to the Court's consideration of Mr. Fogle's

claims in this action. On August 2, 2007, Mr. Fogle filed in the District of Colorado an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the

validity of his convictions in 99CR135, 99CR136, and 99CR138. *See Fogle v.

Smelser*, No. 07-cv-01636-ZLW (D. Colo. Nov. 13, 2007). Mr. Fogle's prior § 2254

application was dismissed on the merits because his first claim was an impermissible

challenge to prior Maryland convictions used to enhance his Colorado sentence and his

other claims did not raise any cognizable federal constitutional issues. The United

States Court of Appeals for the Tenth Circuit subsequently denied issuance of a

certificate of appealability and dismissed Mr. Fogle's appeal. *See Fogle v. Smelser*,

314 F. App'x 89 (10th Cir. 2008).

The Court received the instant action for filing on April 14, 2010. Mr. Fogle

asserts the following seven claims for relief:

> 1.   His constitutional right to counsel was violated when he was
>      denied counsel on appeal from the trial court's June 30,
>      2008 order.

2.   His sentence violates the Eighth Amendment and his
     constitutional rights to due process and equal protection
     were violated because he was denied a proportionality
     review of his sentence.

3.   His constitutional right to due process has been violated
     because the prosecution failed to disclose favorable
     evidence until after trial had begun.

4.   Counsel was ineffective by failing to investigate or obtain
     evidence that his prior convictions should not have counted
     as separate convictions and counsel coerced him into
     pleading guilty in 99CR3143.

5.   His constitutional right to due process was violated when the
     state courts construed his postconviction Rule 35(a) motion
     as a postconviction Rule 35(c) motion.

6.   His constitutional rights were violated when he was denied
     court records and transcripts on appeal from the trial court's
     June 30, 2008 order.

7.   His constitutional rights were violated when the state courts
     failed to hold an evidentiary hearing, apparently in
     connection with his May 22, 2008 postconviction motion.

Before addressing the affirmative defenses raised by Respondents in their Pre-

Answer Response, the Court must address two other preliminary issues. First, Mr.

Fogle asserts a number of claims that do not raise cognizable federal constitutional

issues. More specifically, the Court finds that claims one, five, six, and seven do not

raise cognizable federal constitutional issues because those claims relate to alleged

errors in connection with Mr. Fogle's state court postconviction motions and not the

judgments of conviction he is attacking in this action.

Mr. Fogle's claims asserting errors in the context of state court postconviction

proceedings do not raise cognizable federal constitutional issues because there is no

federal constitutional right to postconviction review in the state courts. *See*

*Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). Therefore, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Mr. Fogle attempts to avoid this conclusion by arguing that his appeal from the trial court's order of June 30, 2008, was his direct appeal from the judgments of conviction because the trial court determined his sentence with respect to mandatory parole was illegal and directed the clerk to amend the mittimus to reflect discretionary parole. The Court rejects this argument because the Colorado Court of Appeals specifically stated that Mr. Fogle was appealing "the district court's orders denying his motions for sentence reconsideration and postconviction relief." (*See* Pre-Answer Resp. at Ex. K, p.2.) Even assuming Mr. Fogle could have filed a new direct appeal following entry of the amended mittimus, there is no indication that he did so. Therefore, the Court finds that Mr. Fogle's first, fifth, sixth, and seventh claims pertain only to alleged errors in the context of state court postconviction proceedings and that those claims must be dismissed because they do not raise any cognizable federal constitutional issues.

The next preliminary issue the Court must address arises from the fact that Mr. Fogle previously has challenged the validity of his convictions in 99CR135, 99CR136,

and 99CR138 in a habeas corpus action in the District of Colorado. As noted above, Mr. Fogle's prior habeas corpus application was dismissed on the merits and the circuit court denied issuance of a certificate of appealability and dismissed Mr. Fogle's appeal from the order dismissing the prior habeas corpus application. Therefore, the Court finds that the instant application is a second or successive application to the extent Mr. Fogle again is challenging his convictions in 99CR135, 99CR136, and 99CR138.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Fogle must apply to the Tenth Circuit Court of Appeals for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. A state prisoner seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Fogle does not allege that he has obtained the necessary authorization from

the circuit court to file a second or successive § 2254 application.  Therefore, the Court

must either dismiss the application for lack of jurisdiction or, if it is in the interest of

justice, transfer the matter to the circuit court pursuant to 28 U.S.C. § 1631.  *In re*

*Cline*, 531 F.3d at 1252.  The factors to be considered in deciding whether a transfer is

in the interest of justice include:

> [W]hether the claims would be time barred if filed anew in
> the proper forum, whether the claims alleged are likely to
> have merit, and whether the claims were filed in good faith
> or if, on the other hand, it was clear at the time of filing that
> the court lacked the requisite jurisdiction.

*Id*. at 1251.

The Court finds that none of the relevant factors favor a transfer.  According to

Mr. Fogle's calculations, his claims challenging his convictions in 99CR135, 99CR136,

and 99CR138 are not barred by the one-year limitation period and could still be filed

anew in the proper forum.  Furthermore, it appears that Mr. Fogle's claims challenging

his convictions in 99CR135, 99CR136, and 99CR138 lack merit because those claims

are not based on either a new rule of constitutional law or newly discovered evidence

as required pursuant to § 2244(b)(2).  Finally, it does not appear that the claims were

filed in this Court in good faith because it was clear when this action was filed that the

Court lacks jurisdiction over Mr. Fogle's claims challenging the validity of his convictions

in 99CR135, 99CR136, and 99CR138.  As a result, the Court finds that a transfer of the

instant action to the Tenth Circuit is not in the interest of justice.  Instead, the action will

be dismissed for lack of jurisdiction to the extent Mr. Fogle is challenging the validity of

his convictions in 99CR135, 99CR136, and 99CR138, and the Court will consider Mr.

Fogle's federal constitutional claims only to the extent those claims challenge the validity of his convictions in 99CR137, 99CR139, and 99CR3143.

Respondents first argue in their Pre-Answer Response that Mr. Fogle's claims are barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that this action is time-barred because Mr. Fogle's convictions became final at the conclusion of his direct appeal in 2003 and the various time-gaps when no state court postconviction motions were pending cumulatively exceed one year. However, Respondents do not discuss Mr. Fogle's postconviction Rule 35(b) motion in their analysis of the application of the one-year limitation period and, more importantly, Respondents fail to address Mr. Fogle's argument that his convictions were not final until the amended mittimus was entered following the trial court's June 30, 2008 order. Therefore, the Court will not address Respondents' argument that this action is time-barred.

Respondents also argue that Mr. Fogle's claims are unexhausted and procedurally barred. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. Finally, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has presented his claims fairly to the state appellate courts and exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Because the Court will dismiss claims one, five, six, and seven as well as Mr. Fogle's claims challenging the validity of his convictions in 99CR135, 99CR136, and 99CR138 for the reasons discussed above, the only claims remaining before the Court are claims two, three, and four to the extent those claims challenge Mr. Fogle's convictions in 99CR137, 99CR139, and 99CR3143. As discussed above, Mr. Fogle did not file a direct appeal with respect to his convictions in 99CR137, 99CR139, and 99CR3143 when he was originally convicted in 2000 and he did not file any state court postconviction motions with respect to his convictions in 99CR137, 99CR139, and 99CR3143 prior to the postconviction motion filed on May 22, 2008. Therefore, in order to determine whether Mr. Fogle has exhausted state remedies for his claims challenging his convictions in 99CR137, 99CR139, and 99CR3143, the Court need consider only the postconviction motion filed on May 22, 2008.

The Court finds that Mr. Fogle's claims challenging the validity of his convictions in 99CR137, 99CR139, and 99CR3143 were not fairly presented to the state appellate courts and are unexhausted because the Colorado Court of Appeals determined the May 22, 2008 motion was untimely under state law. (*See* Pre-Answer Response at Ex. K.) However, although Mr. Fogle failed to exhaust state remedies for his claims challenging the validity of his convictions in 99CR137, 99CR139, and 99CR3143, the Court may not dismiss those claims for failure to exhaust state remedies if Mr. Fogle no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. It appears that Mr. Fogle no longer has an adequate and effective state remedy available to him because the claims he seeks to raise already have been found

11

to be time-barred. Furthermore, the Colorado Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claims Mr. Fogle failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant."). Therefore, the Court finds that Mr. Fogle's claims challenging his convictions in 99CR137, 99CR139, and 99CR3143 are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Fogle's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Fogle must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467,

493-94 (1991) (internal quotation marks omitted). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.

Mr. Fogle fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims challenging his convictions in 99CR137, 99CR139, and 99CR3143 will result in a fundamental miscarriage of justice. As a result, Mr. Fogle's claims challenging his convictions in 99CR137, 99CR139, and 99CR3143 are procedurally barred.

In conclusion, Mr. Fogle's first, fifth, sixth, and seventh claims will be dismissed for failure to raise any federal constitutional issues. To the extent Mr. Fogle is challenging his convictions in 99CR135, 99CR136, and 99CR138, his federal constitutional claims will be dismissed for lack of jurisdiction. To the extent Mr. Fogle is challenging his convictions in 99CR137, 99CR139, and 99CR3143, his federal constitutional claims will be dismissed as procedurally barred. Accordingly, it is

ORDERED that Applicant's first, fifth, sixth, and seventh claims are dismissed for failure to raise any federal constitutional issues. It is

FURTHER ORDERED that Applicant's federal constitutional claims challenging his convictions in 99CR135, 99CR136, and 99CR138 are dismissed for lack of jurisdiction. It is

FURTHER ORDERED that Applicant's federal constitutional claims challenging his convictions in 99CR137, 99CR139, and 99CR3143 are dismissed as procedurally barred. It is

FURTHER ORDERED that the entire application and the action are dismissed.

It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __22nd__ day of __June__, 2010.

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

14

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-00932-BNB

Ronald Jennings Fogle
Reg No. 106339
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Deborah Isenberg Pratt
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6|22|10

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk